JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
CONNIE K. CHAN (SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jfinberg@altshulerberzon.com
Email: ecervantez@altshulerberzon.com
Email: cchan@altshulerberzon.com

ROBERT S. NELSON (SBN 220984)
NELSON LAW GROUP
345 West Portal Avenue, Suite 110
San Francisco, CA 94127
(415) 702-9869 (phone)
(415) 592-8671 (fax)
Email: rnelson@nelsonlawgroup.net

STEVEN G. ZIEFF (SBN: 84222)
DAVID A. LOWE (SBN: 178811)
JOHN T. MULLAN (SBN: 221149)
MICHELLE LEE (SBN 266167)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: sgz@rezlaw.com
Email: dal@rezlaw.com
Email: jtm@rezlaw.com
Email: mgl@rezlaw.com

JEFFREY LEWIS (SBN 66587)
TODD JACKSON (SBN 202598)
DARIN D. RANAHAN (SBN 273532)
LEWIS, FEINBERG, LEE, RENAKER
& JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: jlewis@lewisfeinberg.com
Email: tjackson@lewisfeinberg.com
Email: dranahan@lewisfeinberg.com

Attorneys for Plaintiff Bruce Michaud

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MICHAUD,<br><br>      Plaintiff,<br><br>    v.<br><br>ECOLAB, INC., a corporation,<br><br>      Defendant. | Case No. 14-5182<br><br>**COMPLAINT FOR:**<br><br>**Violation of Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.*;**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff BRUCE MICHAUD ("Plaintiff"), by and through his attorneys, hereby complains against Defendant ECOLAB, INC. (hereinafter referred to as "Defendant" or "Ecolab"), a corporation doing business in California, as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the first claim for relief pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

2. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

3. The Northern District of California has personal jurisdiction over this matter because Defendant is doing business in this District.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b) and (c) because Defendant may be found in this District.

## SUMMARY OF CLAIMS

5. Plaintiff is an Ecolab employee who works as a pest elimination technician in Ecolab's Pest Elimination Division.

6. Plaintiff alleges that at all relevant times Defendant has had a policy and practice of misclassifying Plaintiff as exempt from the FLSA and, as a result, has failed to pay him overtime at a rate not less than one and one-half times his regular rate of pay for all hours worked over forty (40) hours in a workweek. Plaintiff is not and has never been exempt and is and has always been entitled to overtime pay for all overtime hours worked.

7. In addition, Plaintiff alleges that Defendant willfully failed to keep and provide adequate work and/or payroll records as required by law.

8. Plaintiff alleges that Defendant's practices are in direct violation of the FLSA, as described in greater detail below. Plaintiff seeks declaratory relief; damages, including unpaid overtime premiums for all overtime work required, suffered or permitted by Defendant; other damages, including liquidated damages; pre-judgment and post-judgment interest; and reasonable attorneys' fees, costs, and expenses of this action.

<a>

</a>

<a>

**PARTIES**

9. Plaintiff Michaud is a natural person who is a resident of Florida. Plaintiff Michaud has been employed by Defendant as a Service Specialist from approximately January 1, 2012 through the present. Plaintiff Michaud works in the Tampa, Florida area.

10. Defendant Ecolab is an international sanitation supply company headquartered in St. Paul, Minnesota, with offices in the State of California, including in this judicial district. The company provides sanitation and pest control supplies, foodservice equipment repair and parts, food safety services, and consulting to restaurants, hospitals, food and beverage plants, laundries, schools, and retail and commercial properties. Ecolab had sales of over $6 billion globally in 2011 and more than 40,000 employees as of December 2011. In this pleading, "Defendant" means "Ecolab, Inc." and all domestic affiliates and subsidiaries.

**GENERAL FACTS AND ALLEGATIONS**

11. Plaintiff re-alleges and incorporates by reference herein all allegations previously made in Paragraphs 1 through 10, above.

12. Defendant is, and at all times relevant to this Complaint was, an "employer" under the FLSA.

13. Plaintiff has been at all times relevant to this Complaint an "employee" of Defendant, as that term is defined under the FLSA.

14. Defendant is in the business of providing pest elimination services to businesses and other non-residential customers (e.g., restaurants, hotels, hospitals, food and beverage processing facilities, retail stores, etc.). Defendant employs numerous people (called "Service Specialists" or "Service Specialist Trainees") who routinely visit Defendant's customers to provide a variety of pest elimination services. Pest elimination services are one of the core outputs of Defendant's company.

15. At all relevant times, as a Service Specialist, Plaintiff has not engaged in the sale or negotiation of customer account contracts, which have been negotiated by Defendant's designated salespeople. Plaintiff has been assigned a fixed group of customer accounts, and his primary job duties have consisted of calling his assigned customers to arrange appointments for

his pest elimination services and then going to the customer sites to perform the scheduled pest elimination services. Plaintiff has spent the substantial majority of his work time performing these duties.

16. At all relevant times, as a Service Specialist, Plaintiff has been compensated with a set salary, as well as payments for each assigned account he services during the pay period. Plaintiff also has had the ability to earn additional payments by "upselling" certain services to the accounts he works. The vast majority of non-salary payments Plaintiff has received have been based on regular monthly services he has provided to his assigned accounts, over which he has had no control, and has not derived from any sales activities by Plaintiff.

17. At all relevant times, Plaintiff routinely has worked more than 40 hours per week, without receiving overtime compensation as required by federal law. Plaintiff typically has been on duty starting at 3:00 p.m. From 3:00 p.m. until 8:00 p.m., Plaintiff has responded to customer calls, organized his equipment, and planed his service route. He typically has begun his service visits at 8 p.m. and has worked continuously until at least 1:30 or 2:00 a.m., and sometimes as late as 4 a.m. In addition, Plaintiff frequently has had to work weekends to cover for other employees.

18. Plaintiff has never received records showing the total hours he worked each pay period, or records showing the applicable pay rate(s) in effect during each period.

## FIRST CAUSE OF ACTION

**(FLSA Overtime Violations, 29 U.S.C. §§201 *et seq*., Brought by Plaintiff)**

19. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 18 above as if fully set forth herein

20. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed, and continues to employ Plaintiff as an "employee" within the meaning of the FLSA. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

21. The FLSA requires each covered employer, such as Defendant Ecolab, to

compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

22. Plaintiff is not and has not been exempt from the right to receive overtime pay under the FLSA and is not and has not been exempt from the requirement that his employer pay him overtime compensation under the FLSA. He is and has been entitled to be paid overtime compensation for all overtime hours worked.

23. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek and continues to do so.

24. At all relevant times, Ecolab had and continues to have a policy and practice of failing and refusing to pay overtime premiums to Plaintiff for his hours worked in excess of forty hours per workweek.

25. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for his hours worked in excess of forty hours in a workweek, Ecolab has violated, and continues to violate, the FLSA, 29 U.S.C. §§201 *et seq.*, including 29 U.S.C. §207(a)(1) and §215(a).

26. At all relevant times, Ecolab had and continues to have a policy and practice of failing to make, keep, and preserve accurate records required by the FLSA with respect to Plaintiff, including records sufficient to determine accurately his wages, hours, and other conditions of employment.

27. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Ecolab has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine accurately his wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §§201 *et seq*., including 29 U.S.C. §211(c) and §215(a).

28. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, 29 U.S.C. §216(b), for overtime violations and/or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

PLAINTIFF'S ORIGINAL COMPLAINT
Case No. 14-5182

**PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Ecolab as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§201 *et seq.*;

2. An award of damages, according to proof, including liquidated damages, to be paid by Defendant Ecolab;

3. Costs of action incurred herein, including expert fees;

4. Attorneys' fees, including fees pursuant to 29 U.S.C. §216(b);

5. Pre-judgment and post-judgment interest, as provided by law; and

6. Such other legal and equitable relief as this Court deems necessary, just, and proper.

Dated: November 24, 2014                     Respectfully submitted,

*/s/ James M. Finberg*_____
JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
CONNIE K. CHAN (SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064

STEVEN G. ZIEFF (SBN: 84222)
DAVID A. LOWE (SBN: 178811)
JOHN T. MULLAN (SBN: 221149)
MICHELLE LEE (SBN 266167)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile:  (415) 434-0513

ROBERT S. NELSON (SBN 220984)
NELSON LAW GROUP
345 West Portal Avenue, Suite 110
San Francisco, CA 94127
Telephone: (415) 702-9869
Facsimile: (415) 592-8671

JEFFREY LEWIS (SBN 66587)
TODD JACKSON (SBN 202598)
DARIN D. RANAHAN (SBN 273532)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS, FEINBERG, LEE, RENAKER
& JACKSON, P.C.
476 9th Street
Oakland, CA  94607
Telephone:  (510) 839-6824
Facsimile:   (510) 839-7839

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: November 24, 2014  Respectfully submitted,

*/s/ James M. Finberg*
JAMES M. FINBERG (SBN 114850)
EVE H. CERVANTEZ (SBN 164709)
CONNIE K. CHAN (SBN 284230)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

STEVEN G. ZIEFF (SBN: 84222)
DAVID A. LOWE (SBN: 178811)
JOHN T. MULLAN (SBN: 221149)
MICHELLE LEE (SBN 266167)
RUDY, EXELROD, ZIEFF & LOWE, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

ROBERT S. NELSON (SBN 220984)
NELSON LAW GROUP
345 West Portal Avenue, Suite 110
San Francisco, CA 94127
Telephone: (415) 702-9869
Facsimile: (415) 592-8671

JEFFREY LEWIS (SBN 66587)
TODD JACKSON (SBN 202598)
DARIN D. RANAHAN (SBN 273532)
LEWIS, FEINBERG, LEE, RENAKER
& JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

*Attorneys for Plaintiff*

PLAINTIFF'S ORIGINAL COMPLAINT
Case No. 14-5182